**Baehr Brothers and Guy L. Warman, Thomas D. Thomson and Robert W. Murdoch, Trustees, Petitioners *v.* Commonwealth of Pennsylvania, Respondent.**

Argued September 12, 1977, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*John M. Studeny,* with him *Guy L. Warman,* and *Metz, Cook, Hanna & Kelly,* for petitioners.

*Vincent J. Dopko,* Deputy Attorney General, for respondent.

Opinion by President Judge Bowman, November 2, 1977:

This Pennsylvania realty transfer tax matter is before this Court on appeal from a determination of the Board of Finance and Revenue. Petitioners are Baehr Brothers, a Pennsylvania corporation (Corpo-

ration), which has been dissolved, and Guy L. Warman, Thomas D. Thomson and Robert W. Murdoch, Trustees (Trustees) for the stockholders of the Corporation.

On July 18, 1974, the stockholders of the Corporation executed an Agreement for Liquidation of Assets of the Corporation upon the Corporation's dissolution. The Agreement created a trust into which any real estate owned by the Corporation and not liquidated at the time of distribution to the stockholders would be placed until sold. On June 5, 1975, the Corporation filed its Election to Dissolve with the Commonwealth. On June 16, 1975, the Corporation transferred to the Trustees by deed a parcel of real estate at 5310 North Eighth Street, Philadelphia (property). This deed was recorded in the Office of the Commissioner of Records of Philadelphia County without any Pennsylvania realty transfer tax stamps being affixed thereto. The Trustees on September 16, 1975, conveyed the property by deed to a third party for a consideration of $88,000. Pennsylvania realty transfer tax stamps in the amount of $880.00 were affixed to this recorded deed.

On March 24, 1976, the Department of Revenue of the Commonwealth ruled that Pennsylvania realty transfer tax stamps in the amount of $880.00 were required to be affixed to the deed to the property transferred from the Corporation to the Trustees. Petitioners appealed to the Board of Finance and Revenue, but the finding of the Department of Revenue was sustained.

The sole issue before this Court is whether or not The Realty Transfer Tax Act (Act)[1] requires tax stamps to be affixed to the recorded deed conveying

---

[1] Act of December 27, 1951, P.L. 1742, as amended, 72 P.S. §3283 et seq.

the property to the Trustees. Section 3 of the Act, 72 P.S. §3285, provides:

> Every person who . . . presents for recording any document . . . shall be subject to pay for and in respect to the transaction . . . a State tax at the rate of one (1) percentum of the value of the property represented by such document. . . .

The statute defines a "document" as "[a]ny deed . . . whereby any lands . . . or any interest therein shall be . . . conveyed to the grantee. . . ." excepting certain types of transfers. Section 2 of the Act, 72 P.S. §3284.

Our Supreme Court, in the case of *Commonwealth v. Passell*, 422 Pa. 473, 223 A.2d 24 (1966), considered a fact situation very similar to the one present here. In *Passell, supra,* the stockholders surrendered their stock certificates for cancellation and filed dissolution forms with the Commonwealth. The corporation at the time of the filing of the dissolution forms owned certain realty. Subsequent to the filing of the dissolution forms, a deed was recorded showing a transfer of the realty from the corporation to the stockholders. The Supreme Court held that under the Act this was not a taxable transaction since this was a transfer by operation of law. The Court reasoned that, where there was a corporate dissolution and liquidation, the realty owned by the corporation immediately vested in and passed to its stockholders by operation of law. The Supreme Court found that the recorded deed from the corporation to the stockholders was merely confirmatory of that which had been effectuated by operation of law, and as a confirmatory deed it did not fall within the category of a "document" subject to taxation under the Act. In *Passell, supra,* the Court explicitly stated that the transfer of any interest in land, whether a legal, an equitable or a beneficial in-

terest, is a taxable transfer if such transfer is effectuated by a "document" recorded or presented for recording. Of course, the operation of law caveat and the specific exceptions listed in the Act are excluded from the general rule that the transfer of any interest is taxable.

In discussing the operation of law theory, the Court, in *Passell* at 480-81, 223 A.2d at 28-29, stated:

'On dissolution, the legal title to land passes to the stockholders, and title to the corporate property vests in the stockholders as tenants in common. . . .' Fletcher, Cyclopedia Corporations (Perm. Ed.) (1962 Rev. Vol.) §8134, p. 300 and authorities therein cited. See also: Mt. Carmel R. Co. v. M. A. Hanna Co., 371 Pa. 232, 89 A.2d 508. When the appellants surrendered for cancellation their stock certificates then, in the absence of any obligations owed by Craig, Craig's interest in this realty became vested in and passed to its stockholders *by operation of law*. The provisions of the liquidation statute that the 'property remaining' in a debt-free corporation 'shall be paid or distributed' merely provide the mechanical operation required of the directors for record purposes: by operation of law the transfer of the remaining corporate assets to the stockholders has already taken place and the statutory requirement simply supplements that which has already occurred. We agree with appellants' statement: 'The only purpose of the deed in a corporate liquidation and dissolution is simply to place on record information regarding the transfer much in the same way that articles of merger provide such information in the case of a corporate merger.' (Footnotes omitted) (emphasis in original.)

The phrase "operation of law" is defined in *Black's Law Dictionary* 1243 (4th ed. 1951) as follows:

Operation of law. This term expresses the manner in which rights, and sometimes liabilities, devolve upon a person by the mere application to the particular transaction of the established rules of law, without the act or cooperation of the party himself.

In the case at bar, the property did not pass to the stockholders by operation of law because they did not simply surrender the stock and receive the realty, as in *Passell*. Here, the parties took affirmative action and, approximately one year prior to the dissolution, voluntarily committed themselves in the written Agreement to the transfer of the property from the Corporation to the Trustees, rather than to the stockholders. We feel such action precluded the effectuation of the transfer by operation of law. If the stockholders had received title to the property directly from the Corporation, as per Section 1104C of the Business Corporation Law, Act of May 5, 1933, P.L. 364, *as amended*, 15 P.S. §2104C, this Court would agree that the *Passell* case controls and that no tax would be due. However, in view of the affirmative action taken by the stockholders prior to the institution of the dissolution and liquidation proceedings, the transfer of the interest in the realty was not by operation of law. The transfer was thus effectuated by a "document" (deed) as defined by the Act. Taxability logically follows such a transfer.

ORDER

AND Now, this 2nd day of November, 1977, the decision of the Board of Finance and Revenue refusing petitioners' Petition for Review is hereby affirmed. Unless exceptions are filed within thirty (30) days hereof, the Chief Clerk is hereby directed to enter judgment in favor of the Commonwealth and against Baehr Brothers and Guy L. Warman, Thomas D.

Thomson, ad Robert W. Murdoch, Trustees, in the amount of $880.00 plus interest at the rate of 6% per annum from the date of recording, October 1, 1975, to the date of payment.